Alvaro CHAVEZ–ACEVEDO,
Petitioner,

v.

Alberto R. GONZALES,* Attorney
General, Respondent.

No. 03–74623.

Agency No. A73–922–981.

United States Court of Appeals,
Ninth Circuit.

Submitted on Nov. 16, 2005.

Decided Jan. 10, 2006.

Patricia Vargas, Vargas & Associates, Alhambra, CA, for Petitioner.

CAC–District Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Le-Fevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Richard M. Evans, Jeffrey J. Bernstein, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before HUG and WARDLAW, Circuit Judges, and SINGLETON,** District Judge.

**MEMORANDUM*****

Alvaro Chavez–Acevedo, a native and citizen of Mexico, petitions for review of a

---

* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** The Honorable James K. Singleton, United States District Judge for the District of Alaska, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the

Board of Immigration ("BIA") decision denying his motion requesting that the Board *sua sponte* reopen his final order of deporatation. We dismiss in part and deny in part the petition for review.

█ We lack jurisdiction to review petitioner's contention that the BIA should have exercised its *sua sponte* power to reopen his case. *See Ekimian v. INS*, 303 F.3d 1153, 1159 (9th Cir.2002). We also lack jurisdiction to consider whether Chavez–Acevedo was properly provided written and oral notice of the consequences of failing to voluntarily depart, because he did not exhaust these issues before the BIA and no exception to the exhaustion requirement is warranted. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir.2004). To the extent we do have jurisdiction, it is conferred by former 8 U.S.C. § 1105a and now, § 1252. Chavez–Acevedo contends that, pursuant to *Alcaraz v. INS*, 384 F.3d 1150 (9th Cir.2004), his case should be remanded to the BIA to consider repapering relief. Repapering relief is limited to aliens who are ineligible for suspension of deportation solely based upon the stop-time rule. *See id.* at 1152–53, 1155. The BIA found that Chavez–Acevedo failed to demonstrate continuous physical presence and failed to demonstrate extreme hardship to himself or a qualifying relative; therefore, Chavez–Acevedo's ineligibility was not solely because of the stop-time rule.

DISMISSED in part, DENIED in part.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

